## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AUSTIN DEATHERAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-811-M |
| | ) | |
| OKLAHOMA COMMISSION FOR | ) | |
| REHABILITATION SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss, filed on August 28, 2013. On September 17, 2013, plaintiff filed his response. Defendants filed no reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction[1]

Plaintiff is a disabled person and a client of the Oklahoma Department of Rehabilitative Services' ("DRS") Tulsa office where he has been receiving disability services since 2008. Plaintiff obtained his General Education Diploma on May 21, 2012. DRS provided education training funding to plaintiff to attend and complete educational programs at Tulsa Technology pursuing a career as a brick mason on May 25, 2012. Plaintiff, however, asserts that he was injured in an auto accident in 2011 which rendered him unable to perform the physical tasks of manual labor necessary to fulfill his duties as a brick mason. Plaintiff, therefore, requested additional funding to attend Tulsa Community College, where he has been accepted, in pursuit of a Veterinarian Technician Associate's Degree. DRS denied plaintiff's request. Plaintiff contested the decision at an Impartial Fair Hearing where an official upheld the decision. Upon plaintiff's request for further review, Governor of Oklahoma, Mary Fallin, designated Dr. Terry Cline, Ph.D. to review the decision to deny funding. Dr. Cline assigned the

---

[1] The facts are set forth in the light most favorable to plaintiff.

review to Donald Maisch, General Counsel for the Oklahoma Department of Health, who reviewed the matter and advised Dr. Cline on the matter.  Ultimately, the decision to deny educational funding was upheld.

Plaintiff filed this lawsuit seeking review of the decision to deny funding and alleging three causes of action including violation of the Rehabilitation Act and his due process and equal protection rights.[2]

## II.    Standard of Review

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id.* at 678 (internal quotations and citations omitted).  "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to

---

[2] To the extent plaintiff attempts to assert claims outside of the claims the Court discusses in this Order, the Court finds that plaintiff has not sufficiently pled such claims because plaintiff simply makes cursory mention of such claims in his complaint in a conclusory fashion.

determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

A. Section 1983 Claim

Plaintiff asserts a claim under 42 U.S.C. § 1983. Although the scope of plaintiff's § 1983 claim is not clearly set forth in his complaint, after carefully reviewing plaintiff's complaint and the parties' submissions, the Court finds plaintiff's § 1983 claim to cover only plaintiff's Fourteenth Amendment claims.[3] Specifically, plaintiff alleges that defendants' conduct has resulted in the violation of his due process and equal protection rights under the United States Constitution.

Section 1983 is a statutory means for addressing the violation of civil rights. The statute provides: "Every person who . . . under color of any statute . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party[.]" 42 U.S.C. § 1983. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal

---

[3] It appears that plaintiff is also attempting to include his Rehabilitation Act claims under § 1983. It is well established that some statutory rights may be enforced through § 1983. However, in the context of 29 U.S.C. § 722(c)(5)(J) and 29 U.S.C. § 794a (a)(2), the Court is not aware of any Tenth Circuit decision, nor have the parties cited any, addressing whether such cause of action may be brought pursuant to § 1983. Other courts who have addressed the issue of whether a party may bring a cause action for violation of the Rehabilitation Act under § 1983 have answered this question in the negative. *See, e.g.*, *Wasser v. N.Y. State Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 683 F. Supp. 2d 201, 214 (E.D.N.Y. 2010) (finding that plaintiff may not bring claim for violation of § 722(c) under § 1983); *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522 (11th Cir. 1997) (finding that plaintiff may not bring claim for violation of Rehabilitation Act under § 1983); *Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999) (same). The Court, however, need not reach this issue in the case at bar. Although defendants have generally asserted plaintiff cannot bring his claims under § 1983, defendants do not sufficiently address this issue; plaintiff has also not addressed if his § 722 and § 794(a) claims, in addition to standing on their own, fall under § 1983. Accordingly, the Court treats these claims as falling outside the scope of plaintiff's § 1983 claim.

protection of the laws." U.S. Const. amend. XIV, § 1. The equal protection guarantee creates no substantive rights and is essentially a rule that all persons similarly situated should be treated alike. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998) (quotation marks and citation omitted). Where the alleged violation does not involve a suspect class or fundamental right, the Court applies a rational basis scrutiny. *Id.* Disability is not a suspect class for equal protection purposes. *See, e.g.*, *Copelin–Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1255 (10th Cir. 2005). "To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (internal quotation marks and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has failed to assert a § 1983 claim for violation of his constitutional rights. In his response brief, plaintiff simply states that he has brought valid claims under § 722(c)(5)(J) and § 794a (a)(2) of the Rehabilitation Act. Further in his complaint, plaintiff simply invokes these constitutional provisions in passing. When stripped of plaintiff's cursory mention of constitutional violations, the complaint is reduced to facts complaining of DRS's decision to deny funding and defendants' alleged failure to comply with the Rehabilitation Act, a claim plaintiff is pursuing under § 722(c)(5)(J) and § 794a (a)(2). Plaintiff does not address how defendants' actions were irrational. Although plaintiff asserts that defendants treated him differently due to the severity of his disability as they called him "too stupid to learn", he does not disclose who called him these names, when, where, or in what context. Further, even if this statement is true, by itself, it is not sufficient to rise to the level of a constitutional violation.

The Fourteenth Amendment also prohibits any state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[T]o prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions

deprived plaintiff of a protectable property interest." *Teigen*, 511 F.3d at 1078 (internal quotation marks and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has failed to plead facts sufficient to assert a due process violation. It appears that plaintiff's main contention is that he was not afforded an impartial hearing during the hearing process because of the alleged involvement of an individual with a conflict of interest. Specifically, plaintiff asserts that Maisch, who advised Dr. Cline during the review of the decision to deny plaintiff educational funding, had a conflict of interest because Maisch engaged in an ex-parte discussion with plaintiff's representative and subsequently advised Dr. Cline to uphold the decision to deny funding. In addition, plaintiff alleges DRS failed to consider certain evidence during the review process. However, even if these allegations are true and plaintiff has shown he had protectable property rights, these allegations are not sufficient to rise to the level of a constitutional due process violation because § 722(c) provides plaintiff the means to have the benefit determination and the adequacy of the subsequent review process reviewed by a court. The Court, therefore, finds that plaintiff has failed to state claims for violation of the Fourteenth Amendment.

B. Violation of Rehabilitation Act [4]

Section 720(a) of the Rehabilitation Act of 1973 provides grants to states for programs that help handicapped individuals prepare and engage in gainful employment. 29 U.S.C. § 720(a). A state that wishes to obtain federal funds must submit to the Commissioner of the Rehabilitation Services

---

[4] It appears plaintiff is also attempting to assert an Americans with Disabilities Act ("ADA") claim as well. However, while analysis for the ADA and Rehabilitation Act are significantly similar, the Court finds plaintiff has failed to properly allege an ADA claim. In his three counts set forth in the complaint, plaintiff does not mention the ADA at all. In fact, the only time the ADA is mentioned is in one sentence in the introduction section of the complaint. Further, in his response brief to defendant's motion to dismiss, plaintiff does not mention the ADA at all. Accordingly, to the extent plaintiff is attempting to bring an ADA claim, the Court finds that plaintiff has failed to sufficiently plead a cause of action under the ADA.

Administration a plan for vocational rehabilitation services that provides, at a minimum, for the specified vocational services listed in 29 U.S.C. § 721(a)(8). Title 29 United States Code § 722(c)(5)(J) provides a means for any party aggrieved by a final decision pertaining to these services to bring a civil action in any district court. In addition, § 504(a) of the Rehabilitation Act prohibits any "program or activity receiving Federal financial assistance" from "subject[ing] any person to discrimination" on the basis of disability. 29 U.S.C. § 794(a). The statute creates a private right of action against entities that receive federal funds and violate the statutory prohibition against such discrimination. 29 U.S.C. § 794a (a)(2) ("The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 . . . shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under § 794 of this title.").

Defendants seek to dismiss plaintiff's claims on grounds that § 1983 does not authorize Title 1 violation lawsuits against a state for failure to follow its own procedures. Having carefully reviewed the parties' submissions, the Court finds that plaintiff has properly brought suit under § 722(c)(5)(J). Specifically, the Court finds that plaintiff has shown that he is an aggrieved party and there is a final decision issued by the responsible parties. Section 722(c)(5)(J) gives plaintiff a right to have this decision reviewed. In addition, the Court finds that plaintiff has properly asserted a claim under § 794a (a)(2). Defendants have not set forth sufficient arguments to contest plaintiff's claims at this stage of the proceedings.

C.  Immunity

"Eleventh Amendment immunity bars damages actions against a state in federal court, even by its own citizens, unless the state waives that immunity." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). Congress may induce states to waive their immunity. *Brockman v. Wyo. Dep't of Family Servs.*, 342 F.3d 1159, 1168 (10th Cir. 2003). Under Tenth Circuit case law, by accepting

Rehabilitation Act monies, a state waives its immunity and makes itself amenable to suit under the Act. *See id.*

Defendants assert that the state is entitled to immunity for money damages under § 1983. However, plaintiff has also brought claims under the Rehabilitation Act. Defendants do not dispute that the respective agencies received federal funds under the act, and, as such, immunity for such claims under the act has been waived.

Defendants also assert that defendants Linda Collins, David Ligon, Dr. Terry Cline and Maisch are entitled to qualified immunity from suit in their individual capacity. The Court agrees.

> [I]ndividual defendants are not subject to liability in their individual capacities under Rehabilitation Act. *See Montez v. Romer*, 32 F. Supp. 2d 1235, 1240–41 (D. Colo. 1999); *Moore v. Cooksey*, 2000 WL 1838274 (10th Cir. Dec. 14, 2000) (affirming the decision of the district court to dismiss the Rehabilitation Act claims because individual defendants could not be held liable) (citing *Hiler v. Brown*, 177 F.3d 542, 545–46 (6th Cir. 1999) (stating that the Rehabilitation Act does not permit actions against persons in their individual capacities)). [The Court] therefore conclude[s] that Plaintiffs' [Rehabilitation Act] claim for relief must be dismissed against the Defendants in their individual capacities.

*Neiberger v. Hawkins*, 208 F.R.D. 301, 312 (D. Colo. 2002). Accordingly, the Court finds that the individual defendants are not subject to liability in their individual capacities under the Rehabilitation Act.

### D. Mootness of Request for Declaratory Relief

Defendants move to dismiss plaintiff's request for declaratory judgment relief alleging that plaintiff's request is moot. "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a).

> It is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute that affects the behavior of the defendant toward the plaintiff. . . . a plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured by the defendant in the future.

*Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994). Having carefully reviewed the parties' submissions, at this stage of the proceedings, the Court is not convinced plaintiff's request for declaratory relief is moot. Among other things, plaintiff, who is defendants' client and who has been receiving services from defendants, has generally alleged that defendants have failed to comply with the Rehabilitation Act and continue to do so in dealing with him and that defendants have wrongfully denied him educational funding. At this stage of the proceedings, the Court is unable to find that plaintiff's declaratory request is moot.

IV.     Conclusion

Accordingly, the Court GRANTS in part and DENIES in part defendant's Motion to Dismiss [docket no. 7] as follows:

1.  The Court GRANTS defendants' motion and DISMISSES plaintiff's claims under the Americans with Disabilities Act, 28 U.S.C. § 1983 and the Fourteenth Amendment. The Court also DISMISSES plaintiff's claims against named defendants' in their individual capacities.

2.  The Court DENIES defendants' motion as it pertains to plaintiff's claims under 29 U.S.C. § 722(c)(5)(J) and 29 U.S.C. § 794(a). The Court also DENIES defendants' motion as it pertains to plaintiff's requests for monetary and declaratory relief.

**IT IS SO ORDERED this 28th day of March, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE